IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD WAYNE CLEMONS III, | § | |
| TDCJ #1453612, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4366 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Donald Wayne Clemons III (TDCJ #1453612), seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. The respondent has filed a motion to dismiss [doc. # 11], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Clemons has filed a reply [doc. # 14]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.   BACKGROUND

A local grand jury returned an indictment against Clemons on charges of capital murder in Harris County cause number 1019997. *See Clerk's Record*, at 22. A jury in the 263rd District Court for Harris County, Texas, found Clemons guilty as charged in the indictment on August 8, 2007. *See id*. at 211. As the result of that verdict, the trial court automatically sentenced Clemons to life imprisonment. *See id*.

On direct appeal, Clemons challenged the admissibility of his in-court identification. An intermediate court of appeals rejected all of his arguments and affirmed the conviction in an unpublished opinion, after summarizing the evidence presented at trial:

> On February 19, 2005, [Clemons] approached two men, Sampson and Samuel Huff, who were seated in a 1993 Cadillac Sedan outside of a barber school at 10700 South Gessner and demanded the keys to the vehicle. After saying, "Give me the keys," and, "You think I'm playing," [Clemons] started shooting. Sampson, who was in the driver's seat, tossed the keys, and Samuel and Sampson ran away from the vehicle in different directions. [Clemons] shot Sampson, who fell to the ground and later died. [Clemons] also shot Samuel and wounded him in the lower back. Samuel limped to the barber school to get help while [Clemons] drove away with Sampson's vehicle. An ambulance drove Samuel to the hospital.

> One day after the shooting and while Samuel was still in the hospital, police asked him to make an identification of the shooter. Although he gave an accurate description of [Clemons], Samuel was unable to identify him from a photo spread. At this time Samuel was in pain and taking pain medication.

> About a month after the shooting, Samuel identified [Clemons] as the shooter after viewing a live lineup with participants who repeated the phrase, "Give me the keys." [Clemons] was the only person who appeared in both the photo spread and the lineup.

> Prior to trial, [Clemons] moved to suppress the identification made by Samuel, stating that the pre-trial identification procedures (as described above) were so unnecessarily suggestive as to give rise to a substantial likelihood of irreparable misidentification. Samuel and Sergeant J. Parker, the officer who conducted the identification procedures, testified at a pretrial hearing regarding the pretrial identification procedures. After hearing the testimony, the trial court denied [Clemons]'s motion to suppress the identification, finding that the live lineup was not suggestive.

> At trial, the State presented evidence that [Clemons] shot Sampson. Samuel identified [Clemons] as the shooter, and he told the jury he was absolutely sure that [Clemons] was the shooter. Prior to Samuel's in-court identification, [Clemons] had renewed his previous objection to the admission of the identification procedures.

2

> Ashley Hickman, who was a friend of [Clemons], testified that prior to the shooting [Clemons] asked her to identify areas where "there are people with nice cars." She testified that [Clemons]'s reason for wanting to know was to "hit a few licks" and move to New York. Hickman also testified that [Clemons] threatened her with death if she told anyone about his plans. Another witness, Maranda Cole, who dated [Clemons], testified that she dropped [Clemons] off at the parking lot where the incident occurred and around the time of the shooting. She further contended that, after the incident, [Clemons] asked her for directions to Louisiana and demanded that she "keep [her] story straight" on these "issues." Lastly, [Clemons] conceded that he had possession of Samuel's car after the incident. The jury returned a guilty verdict and this appeal followed.

*Clemons v. State*, No. 01-07-00684-CR, 2008 WL 4670844, at *1 (Tex. App. — Houston [1st Dist.] Oct. 23, 2008).  The Texas Court of Criminal Appeals refused his petition for discretionary review on March 11, 2009.

Clemons now seeks a writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254.  In the pending petition, which is dated December 6, 2011,[1] Clemons argues that the State failed to prove his identity as the perpetrator and that his in-court identification was invalid.  The respondent argues that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d).  The motion is addressed below under the applicable habeas corpus statutes.

## II.     DISCUSSION

---

[1]     The Clerk's Office received the petition on December 9, 2011, and filed it that same day. Clemons executed the petition on December 6, 2011, indicating that he placed it in the "prison mailing system" on that date.  Under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits his habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

3

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179. Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this instance, Clemons challenges a state court conviction that was entered in 2007. Thus, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As outlined above, the conviction at issue was affirmed on October 23, 2008, and the Texas Court of Criminal Appeals refused discretionary review on March 11, 2009. Although Clemons did not appeal further by filing a petition for a writ of certiorari, his time to do so expired ninety days later on June 9, 2009. That date triggered the statute of limitations found in the AEDPA, which expired one year later on June 9, 2010. The pending federal habeas corpus petition, which

4

was executed by Clemons on December 6, 2011, is late by more than a year and is time-barred unless Clemons establishes that a statutory or equitable exception applies.

### A.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period.  The record shows that, on October 7, 2010, Clemons filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, challenging the validity and admissibility of his identification.  The state habeas corpus court, which also presided over the trial, entered findings of fact and concluded that Clemons was not entitled to relief.  The Texas Court of Criminal Appeals agreed and denied the application without a written order on January 12, 2011.  *See Ex parte Clemons*, No. 75,135-01.  Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Clemons has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

5

### B.    Equitable Tolling

Clemons acknowledges that his petition is untimely and argues that he is entitled to tolling for equitable reasons.  Equitable tolling is an extraordinary remedy which is sparingly applied.  *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The Supreme Court has clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010)) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Clemons fails to meet either of these criteria for reasons discussed further below.

As noted above, Clemons was convicted in 2007, and that conviction became final after the Texas Court of Criminal Appeals refused his petition for discretionary review on March 11, 2009.  It is undisputed that Clemons waited until October 7, 2010 to file a state habeas corpus application.  After the Texas Court of Criminal Appeals denied that application on January 12, 2011, Clemons waited until December 6, 2011 to execute and file the pending federal petition.  Clemons offers no explanation for this delay.  It is well established in this circuit that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period.  *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

6

In support of his request for equitable tolling, Clemons argues that his identification was unduly suggestive and that he is actually innocent.  However, Clemons does not refute any of the fact findings made by the state court of appeals, which are presumed correct on federal habeas corpus review.  *See* 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982) (holding that "the presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact").  Clemons does not otherwise make a credible showing of actual innocence.[2]  Because Clemons has not shown himself to be actually innocent, he does not establish an excuse for his failure to seek federal habeas corpus review in a timely fashion or show that exceptional circumstances warrant equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting

---

[2]     Once a conviction becomes final, a criminal defendant's claim of actual innocence based on newly discovered evidence can arise in two distinct contexts, only one of which is available on federal habeas review: (1) a free-standing claim that the defendant is, as a matter of fact, innocent of the charged offense, *see Herrera v. Collins*, 506 U.S. 390, 404 (1993) (a *Herrera* claim); or (2) as a gateway to collateral review of a forfeited constitutional claim or to overcome a procedural default under the standard outlined in *Schlup v. Delo*, 513 U.S. 298 (1995) (a *Schlup* claim).  To overcome a procedural default under the *Schlup* standard, a petitioner must "raise a substantial doubt about his guilt." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).  To be credible, a habeas petitioner must present "new *reliable* evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup*, 513 U.S. at 324 (emphasis added).  A petitioner must then show that "it is more likely than not that," in light of the new evidence, "no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id*. at 326-27.  The Supreme Court has emphasized that "the *Schlup* standard is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations and citations omitted).  "At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence." *Id.*  A petitioner need only demonstrate that "more likely than not, in light of the new evidence, . . . any reasonable juror would have reasonable doubt." *Id.*  The allegations made by the petitioner in this case fall far short of the evidentiary standard outlined by *Schlup* and *Herrera*.

that claims of actual innocence are not a "rare and exceptional circumstance" which justifies equitable tolling of the statute of limitations given that many prisoners maintain they are actually innocent); *see also Prince v. Thaler*, 354 F. App'x 846 (5th Cir. 2009) (noting that "[t]here is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations" and declining to address the issue further because the petitioner did not make a showing of actual innocence).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). The Fifth Circuit has counseled, however, that the doctrine of equitable tolling is applies, if at all, "restrictively," and "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the length of delay and the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Clemons has not established that he is entitled to tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief.  Therefore, a certificate of appealability will not issue.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's motion to dismiss [Doc. # 11] is **GRANTED**.

2.    The habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on June 18, 2012.

Nancy F. Atlas
United States District Judge